**BETA UPSILON CHI Upsilon Chapter at the University of FL, A student organization at the University of Florida on behalf of itself and its individual members, et al., Plaintiffs–Appellees,**

v.

**J. Bernard MACHEN, In his official capacity as President of the University of Florida, et al., Defendants–Appellants.**

**No. 14–14554**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 30, 2015.

Jeffrey Shafer, Benjamin W. Bull, Alliance Defending Freedom, Scottsdale, AZ, Travis Christopher Barham, Alliance Defense Fund, Lawrenceville, GA, Kimberlee Wood Colby, Springfield, VA, Roger K. Gannam, Liberty Counsel, Orlando, FL, for Plaintiffs–Appellees.

H. Christopher Bartolomucci, Bancroft, PLLC, Washington, DC, for Defendants–Appellants.

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

We can assume *arguendo* that, pursuant to the mandate of the prior appeal in this case, the only appropriate award of attorney's fees would reflect that work which "was reasonably related to, and reasonably contributed to, the success achieved—i.e., the grant of the injunction pending appeal." Although it is possible that the district court awarded some additional fees, that is not clear to us. Assuming *arguendo* that there may have been some error in that regard, Appellants have failed in their initial brief on appeal to identify specific portions of the fee award which would thus constitute error. Broad categories identified by Appellants—e.g., discovery—are not sufficient identification, because Appellants fail to explain how or why such categories, or any particular parts thereof, were unrelated to and did not contribute to the success achieved. Similarly, with respect to Appellants' challenge to fees for work performed after the injunction pending appeal was granted, Appellees would be entitled to fees for work reasonably related to sustaining the injunction which had been obtained. In addition, Appellees would be entitled to fees for work entailed in reasonably calcu-

lating, seeking, and defending an award of attorney's fees. Appellants' brief on appeal does not identify any portion of the fee award unrelated to such work. Nor does Appellants' brief explain why the fees the district court awarded for the Appellee's work was unreasonable.

We cannot conclude that the district court abused its discretion with respect to the hourly rates. We reject Appellants' argument that Appellees abandoned their claim for $1283.00 in non-taxable district court costs.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.